UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK BUMPUS,

        Plaintiff,

v.

A. NANGALAMA, et al.,

        Defendants.

No. 2:12-cv-1102 GEB DAD P

ORDER AND FINDINGS
& RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. Before the court is a motion to dismiss the complaint for failure to state a cognizable claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure filed on behalf of defendants Nangalama, Dillan, Sahota, Cox, Teachow, and Deem.[1]

**STANDARDS GOVERNING A RULE 12(b)(6) MOTION**

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering such a motion, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive

---

[1] Defendant Fields has not been served with process and therefore has not joined in the motion to dismiss now pending before the court.

1

dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 551 U.S. at 93 (quoting Bell Atlantic, 550 U.S. at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

## PLAINTIFF'S COMPLAINT[2]

In his complaint plaintiff names the following defendants: Dr. A. Nangalama, licensed vocational nurse G. Cox, Dr. Sahota, "Chief Executive Officer" Dr. Deem, correctional officer Fields, and licensed vocational nurse Teachow.[3] (ECF No. 1 at 2.) All of the named defendants are employed at California State Prison - Sacramento (CSP-Sacramento) and are sued by plaintiff in their individual and official capacities. (ECF No. 1 at 4.)

Plaintiff contends that the defendants were deliberately indifferent about his medical care as demonstrated by their delay in providing medical treatment and, in some instances, the actual denial of medical treatment. Plaintiff also contends that defendants interfered with medical treatment that had previously been prescribed for him, thereby causing plaintiff "to suffer exstrem [sic] acute pain[.]" (Id. at 5.) In support of these contentions, plaintiff alleges as follows in his complaint. From April 7, 2011 to June of 2011, plaintiff was denied adequate post-operative medical care. (Id. at 6.) This lack of care caused plaintiff to be taken twice to the emergency room. (Id.) Defendants Nangalama, Cox, Deem, Dillan, and Teachow denied plaintiff daily bandage changes. (Id. at 7.) Defendants also failed to provide plaintiff medical treatment for pain and for the lump or cyst on his back. (Id.) Defendants failed to provide post-operative care of plaintiff's "continued excessive bleeding and increased pain." (Id.) Defendants Nangalama

---

[2] The court has not included in this summary the allegations made by plaintiff against defendant Fields since that defendant has not been served and therefore has not joined in this motion.

[3] The court will direct the Clerk of the Court to correct the court's docket to reflect the accurate spelling of the last names of defendants Deem and Sahota.

and Dillan interfered with treatment previously prescribed for plaintiff by denying him Vicodin which San Joaquin General Hospital had ordered that plaintiff receive thirty minutes prior to dressing changes. (Id.) Plaintiff alleges that because he was denied this pain medication by defendants, he suffered extreme pain during his dressing changes. (Id.) The surgical wound on plaintiff's back did not heal correctly because of the inadequate medical care he received and defendant Nangalama ordered different medicines which exposed plaintiff to a risk of cancer. (Id. at 8.) Plaintiff continued to bleed and suffer pain around the surgery site until August of 2011. (Id.) From June 7, 2010 to August of 2010, plaintiff informed defendant Dr. Sahota about the pain he was suffering as well as of the lump on his back, but defendant Dr. Sahota refused to provide plaintiff with pain medication. (Id. at 11-12.) Defendants Deem, Nangalama, Sahota and Dillan also delayed plaintiff's surgery for several months. (Id. at 12.)

In terms of relief, plaintiff seeks fees and costs in connection with this suit, declaratory judgment, preliminary and permanent injunctive relief prohibiting defendants from denying him constitutionally adequate medical care, compensatory damages in the amount of $200,000, and punitive damages in the amount of one million dollars. (Id. at 2 & 14.)

**DEFENDANTS' MOTION TO DISMISS**

I. Defendants Sued in Their Official Capacities

Defendants argue that under the Eleventh Amendment, plaintiff is barred from suing them in their official capacities and that his claims against each of them in their official capacities should be dismissed with prejudice.

II. Fourteenth Amendment Claim

Plaintiff has claimed a violation of his rights under the Eighth and Fourteenth Amendments. Defendants argue that where a specific constitutional amendment already provides protection against the alleged violation, that amendment and not the more generalized Fourteenth Amendment applies. Defendants argue that here plaintiff's claims of receiving inadequate medical are adequately addressed under the Eighth Amendment and that his Fourteenth Amendment claim against them should be dismissed.

/////

1  III.  Defendant Deem

2  Defense counsel also argues that plaintiff has failed to sufficiently allege an Eighth
3  Amendment claim against defendant Deem.  Defense counsel asserts that plaintiff's complaint
4  fails to allege that defendant Deem had specific knowledge of plaintiff's need for surgery or that
5  in his position as the Chief Executive Officer of the entire prison, defendant Deem would
6  necessarily have learned of plaintiff's medical needs.  In this regard, defense counsel argues that
7  the complaint includes only a conclusory allegation that defendant Deem "'new [sic] about and
8  was aware of [his] serious medical need for surgery'" and that such a vague allegation is
9  insufficient to show deliberate indifference.  (ECF No. 20-1 at 5-6.)

10  Next, defense counsel notes that although plaintiff alleges in his complaint that defendant
11  Deem denied plaintiff daily bandage changes, that allegation is contradicted by plaintiff's own
12  concession in his complaint that he was receiving bandage changes after surgery, but not as
13  frequently as he wanted.  Defense counsel argues that there are no allegations in plaintiff's
14  complaint that the doctors at San Joaquin General Hospital, where plaintiff's surgery was
15  performed, ordered more frequent bandage changes for plaintiff than he received or that
16  defendant Deem was aware of any such instructions.  Without such specific knowledge, defense
17  counsel argues, plaintiff has failed to  sufficiently allege deliberate indifference on the part of
18  defendant Deem, who should therefore be dismissed from this lawsuit.

19  IV.  Defendants Cox and Teachow

20  Defense counsel next argues that plaintiff's claim that licensed vocational nurses
21  defendants Cox and Teachow, along with other defendants denied plaintiff daily bandage and
22  dressing changes is contracted by plaintiff's concession in his complaint that he in fact received
23  daily bandage changes.  Defense counsel argues that in this regard plaintiff has failed to allege
24  facts which, if proven, would show that defendants Cox and Teachow were deliberately
25  indifferent about his medical care and that these defendants too should be dismissed from the
26  action.

27  /////
28  /////

V.  Defendant Sahota

Defense counsel also argues that plaintiff's allegations that defendant Dr. Sahota denied plaintiff daily bandage changes, surgery and pain medication for the pain and lump on plaintiff's back, are merely "bald and conclusory" allegations that do not show deliberate indifference by defendant Sahota.  (ECF No. 20-1 at 7.)  Counsel observes that there are no allegations in plaintiff's complaint that defendant Sahota had any control over the scheduling of plaintiff's surgery which presumably took place at San Joaquin General Hospital.  Lastly, defense counsel contends that plaintiff has failed to allege that any delay in the scheduling of his surgery substantially harmed him.  Defense counsel point out in this regard that the excessive bleeding and increased pain that plaintiff alleges he endured "was caused, according to the Complaint, by the failure to provide adequate post-operative bandage changes and failure to prescribe Vicodin for pain management following the surgery, not because of the delay itself." (ECF No. 20-1 at 7-8.)

VI.  Defendants Nangalama and Dillan

Defense counsel next argues that, as with respect to the other defendants, although plaintiff alleges that defendants Dr. Nangalama and Dr. Dillan denied plaintiff post-operative daily bandage changes that allegation is contradicted by plaintiff's concession in his complaint that he received such bandage changes.  As to plaintiff's allegations that defendants Dr. Nangalama and Dr. Dillan substituted less effective pain medication for Vicodin in treating plaintiff, defense counsel notes that under the law a mere difference of opinion between doctors and a patient as to the proper course of treatment does not support a cognizable deliberate indifference claim.  Because plaintiff's complaint does not allege anything more than a mere difference of opinion between these doctors and plaintiff, counsel argues that defendants Dr. Nangalama and Dr. Dillan should be dismissed from this action.

/////
/////
/////
/////

**PLAINTIFF'S OPPOSITION**

Plaintiff filed an opposition to the pending motion to dismiss on September 9, 2013.[4] Before that opposition was docketed, the court believed that plaintiff had failed to oppose the motion and ordered him to file any such opposition to the motion. Accordingly, in response to the court's order, on October 11, 2013, plaintiff filed a second opposition to defendants' motion to dismiss. In his second opposition to the pending motion, filed on October 11, 2013, plaintiff makes only a brief statement that the complaint he has filed in this action is based upon "actual events and injuries" and that he believes that his allegations are sufficient. (ECF No. 29 at 1.)

**ANALYSIS**

I. Defendants Sued in Their Official Capacities

In his prayer for relief, plaintiff seeks the award of costs and fees in connection with this suit, declaratory judgment, both a preliminary and a permanent injunction prohibiting defendants from denying him constitutionally adequate medical care in the future, and compensatory and punitive damages.

As to plaintiff's action for monetary damages, and costs and fees against defendants in their official capacity, the court agrees with defendants that such an action is barred by the Eleventh Amendment. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted); Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").

As to plaintiff's official capacity suit against defendants for declaratory and injunctive relief, in considering whether the Eleventh Amendment bars prospective relief, the "'court need

---

[4] In this opposition, plaintiff explained that he was unaware that he had to file an opposition to defendants' motion to dismiss. Therein plaintiff represented that he did not understand the Federal Rules of Civil Procedure, did not know how to respond to the defendants' motion, and asked the court for leniency. Plaintiff also requested additional time to respond to defendants' motion to dismiss.

1  only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation
2  of federal law and seeks relief properly characterized as prospective.'" North East Medical
3  Services, Inc. v. California Dept. of Health, 712 F.3d 461, 470-71 (9th Cir. 2013) (quoting
4  Verizon Md., Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (internal quotation
5  marks omitted)). See also O'Con v. Katavich, No. 1:13-cv-1321-AWI-SKO, 2013 WL 6185212
6  at *11 (E.D. Cal. Nov. 26, 2013) ("The Eleventh Amendment allows only prospective injunctive
7  relief to prevent an ongoing violation of federal law.") (citing Doe v. Lawrence Livermore Nat'l
8  Lab., 131 F.3d 836, 840 (9th Cir. 1997)).  Here, in his complaint plaintiff has not alleged an
9  ongoing violation of federal law.  Rather, plaintiff seeks declaratory judgment concerning
10 defendants' past actions.  As to his request for injunctive relief, plaintiff cannot allege an ongoing
11 violation of his constitutional rights by these defendants since plaintiff is longer incarcerated at
12 the prison where the defendants are employed.  See Penton v. Dickinson, No. 2:11-cv-0518 GEB
13 KJN P, 2012 WL 2620528 at *15 (E.D. Cal. July 5, 2012) (rejecting plaintiff's characterization
14 that there was an ongoing violation of his constitutional rights where the incident placed at issue
15 by his complaint occurred several years earlier and plaintiff was no longer incarcerated at the
16 prison where the defendants were employed), report and recommendation adopted by 2012 WL
17 4050075 (E.D. Cal. Sept. 13, 2012).
18      For these reasons, defendants' motion to dismiss plaintiff's claims for damage and
19 prospective relief brought against them in their official capacity should be granted.
20 II.  Fourteenth Amendment Claim
21      The court also agrees with defendants' arguments with respect to plaintiff's Fourteenth
22 Amendment claim.  Plaintiff's claim that he received constitutionally inadequate medical care is
23 based on the Eighth Amendment and the more generalized Fourteenth Amendment does not
24 provide an additional cause of action.  See Albright v. Oliver, 510 U.S. 266, 273 (1994) ("When a
25 particular Amendment provides an explicit textual source of constitutional protection against a
26 particular sort of government behavior, that Amendment, not the more generalized notion of
27 substantive due process [under the Fourteenth Amendment] must be the guide for analyzing these
28 /////

claims.") (internal quotation marks omitted).  Accordingly, plaintiff's Fourteenth Amendment claim should also be dismissed.

III.  Eighth Amendment Claim

Plaintiff claims that from April 7, 2011 through June of 2011, defendants denied him specific post-operative care that resulted in excessive bleeding, pain and two trips to a hospital emergency room, all in violation of his rights under the Eighth Amendment.  In support of this claim plaintiff alleges that:  (1) defendants Nangalama, Cox, Deem, Dillan and Teachow failed to allow plaintiff daily bandage changes as was ordered by doctors at San Joaquin General Hospital where his surgery was performed; (2) defendants were aware that plaintiff was in pain, that he requested medical treatment for a "lump or cyst on his back" (ECF No. 1 ¶ 8 at 7) and that he required post-operative care because of the excessive bleeding and pain; (3) defendants Nangalama and Dillan denied plaintiff Vicadin which was prescribed by the doctors at San Joaquin General Hospital and that when plaintiff's surgical incision failed to heal properly because of the inadequate post-operative care, defendant Nangalama prescribed potentially harmful medication which delayed the healing process until August of 2011; and (4) from June 7, 2010 to August of 2010, defendant Deems, Nangalama, Sahota and Dillan were aware of the lump on plaintiff's back and the pain he was suffering but nonetheless delayed the giving of pain medication and the scheduling of surgery.

The court finds that accepting plaintiff's allegations as true and construing the allegations in the light most favorable to plaintiff as the court must at this stage of the proceedings, plaintiff has sufficiently stated a cognizable Eighth Amendment claim against defendants Nangalama, Cox, Deem, Dillan, Sahota, Cox and Teachow.  Although some of plaintiff allegations are formulaic, there are also sufficient factual allegations in the complaint to put defendants on notice as to the nature of plaintiff's claim that he was provided constitutionally inadequate medical care. Specifically plaintiff has alleged facts concerning the time period involved, the involvement of each defendant in the alleged constitutional violation, the medical care and medications which plaintiff alleges were prescribed or ordered by the doctors at the hospital where surgery was performed but were not provided by defendants and the harm plaintiff suffered as a result.

As to defendants' repeated contention that plaintiff has made contradictory allegations in his complaint concerning the post-surgery bandage changes he received, the court disagrees with defendants' characterization of those allegations as inconsistent. Although plaintiff's claim in this regard may be susceptible to disposition on summary judgment, his allegations regarding the defendants failure to follow the orders of the doctors who performed his surgery with respect to bandage changes are sufficient to survive defendants' motion to dismiss.

Therefore, defendants' motion to dismiss this action for failure to state a cognizable Eighth Amendment claim against defendants Deem, Cox, Teachow, Sahota, Nangalama and Dillan should be denied.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to change defendant "Sabota" to defendant "Sahota," and change defendant "Deen" to defendant "Deem" on the court's docket.

Also, IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss filed on July 19, 2013 (ECF No. 20) on behalf of defendants Nangalama, Dillan, Sahota, Cox, Teachow and Deem should be granted in part as follows:

   a. Plaintiff's claims against all defendants sued in their official capacities should be dismissed;

   b. Plaintiff's Fourteenth Amendment claim be dismissed; and

2. This action shall proceed against defendants in their individual capacities solely as to plaintiff's claim that he was provided constitutionally inadequate medical care in violation of his rights under the Eighth Amendment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

9

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 3, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bump1102.mtd