UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BUMPUS, | No. 2:12-cv-01102 GEB DAD P |
| Plaintiff, | |
| v. | ORDER |
| A. NANGALAMA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought pursuant to 42 U.S.C. § 1983. In this action plaintiff proceeds against six defendants on his Eighth Amendment claims that the defendants were deliberately indifferent to his serious medical needs. Under the court's scheduling order the deadline for completing discovery is December 15, 2014, and the deadline for filing dispositive motions is March 5, 2015. (ECF No. 39.)

Plaintiff now requests the appointment of counsel. Plaintiff asserts generally that appointment of counsel is necessary because this action presents complex legal issues outside plaintiff's expertise. In addition, plaintiff states, without supporting documentation, that he is "in a (E.O.P.) program, and suffer[s] from many of mental disorder's, as while as take many psychotropic medication's " [sic]. (ECF No. 40 at 2.)

District courts lack authority to require counsel to voluntarily represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However,

1

in exceptional circumstances, the court may request that an attorney provide such voluntary representation.  See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court considers plaintiff's likelihood of success on the merits, as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting appointment of counsel.

Most of plaintiff's reasons for requesting appointment are not unique to this action.  Lack of legal expertise is common to most prisoners who commence civil rights litigation. Additionally, plaintiff has been able to proceed with this action through the pleading stage, and survived defendants' motion to dismiss, thus demonstrating an ability to articulate his claims and arguments despite the complexity of the legal issues.  Nevertheless, plaintiff's asserted psychological diagnoses and treatment may demonstrate provide exceptional circumstances justifying the appointment of counsel in this case, provided plaintiff can support his assertions with appropriate documentation and demonstrate how his specific limitations impact his ability to proceed pro se in this action.  Accordingly, plaintiff may file another motion for appointment of counsel that includes this information.

However, pursuant to the now pending request, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 23, 2014 motion for appointment of counsel (ECF No. 40), is denied without prejudice.

Dated:  July 11, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bump1102.31

2