UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK BUMPUS,

              Plaintiff,

    v.

A. NANGALAMA, et al.,

              Defendants.

No. 2:12-cv-1102 GEB DAD P

ORDER

Plaintiff Patrick Bumpus is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. In his complaint plaintiff contends that defendants Dr. Nangalama, Dr. Dhillon, Dr. Sahota, LVN Cox, LVN Teachow, and A. Deem were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

Now pending before the court are (i) plaintiff's motion for appointment of counsel and (ii) defendants' motion to compel plaintiff's deposition and responses to interrogatories, or in the alternative, for terminating sanctions. For the reasons set forth below, the court will order that counsel be appointed to represent plaintiff in this action, grant defendants' motion to compel in part and deny it in part, and deny defendants' motion for terminating sanctions.

/////

1

I. Background

    A. Factual Background

      In his complaint, plaintiff alleges that the following events occurred while he was incarcerated at California State Prison-Sacramento ("CSP-SAC").  (ECF No. 1.)  Between June 7, 2010 and August of 2010, plaintiff repeatedly informed defendant Sahota that he was suffering from pain and either a cyst or lump on his back, but defendant Sahota refused to provide plaintiff with pain medication.  (Id. at 11-12.)  Only after several months' delay, caused by defendants Nangalama, Sahota, Dhillan, and Deem, did plaintiff finally undergo surgery for the condition.  (Id. at 12.)

      From April 7, 2011 to June of 2011, plaintiff was denied adequate post-surgical medical care.  (Id. at 6.)  As a result of this lack of care, plaintiff was twice taken to the emergency room outside the prison.  (Id. at 7.)  Defendants Nangalama, Cox, Deem, Dhillan, and Teachow denied plaintiff daily bandage changes.  (Id. at 7.)  Defendants also failed to provide post-operative care for plaintiff's "continued excessive bleeding and increased pain."  (Id.)  San Joaquin General Hospital ordered that, thirty minutes prior to dressing changes, plaintiff receive Vicodin; defendants Nangalama and Dhillan interfered with this ordered treatment by denying plaintiff the prescribed pain medication.  (Id.)  According to plaintiff, he suffered extreme pain during his dressing changes because he was denied Vicodin.  (Id.)  The surgical wound on plaintiff's back did not heal correctly because of the inadequate medical care he received from the defendants.  (Id. at 8.)  Defendant Nangalama ordered various medicines for plaintiff, which exposed plaintiff to a risk of cancer.  (Id. at 8.)  Plaintiff continued to bleed and suffer pain around the surgery site until August of 2011.  (Id.)

    B. Procedural Background

      On April 25, 2012, this action commenced with the filing of plaintiff's complaint.  (ECF No. 1.)  On March 21, 2013, the court screened that complaint, and deemed service appropriate on defendants Nangalama, Cox, Deem, Dhillan, and Teachow, as well as subsequently-dismissed defendant Y. Fields.  (ECF No. 10.)   On July 19, 2013, defendants filed a motion to dismiss.  (ECF No. 20.)  On January 6, 2014, the undersigned issued findings and recommendations

1  recommending that the motion to dismiss be granted in part and denied in part.  (ECF No. 31.)

2  On February 12, 2014, those findings and recommendations were adopted in full by the assigned

3  District Judge.  (ECF No. 34.)  A discovery and scheduling order then issued, which was

4  subsequently amended to set deadlines of December 15, 2014 for conducting discovery and filing

5  motions to compel discovery and March 5, 2015 for filing pretrial motions.  (ECF Nos. 35, 39.)

6      On May 23, 2014, plaintiff filed a motion for the appointment of counsel.  (ECF No. 40.)

7  On July 14, 2014, the undersigned denied the motion without prejudice.  (ECF No. 41.)

8      On November 10, 2014, defendants filed the motion to compel plaintiff's deposition and

9  interrogatory responses, or in the alternative, for terminating sanctions which is presently before

10  the court.  (ECF No. 42.)  On January 20, 2015, defendants filed a notice regarding plaintiff's

11  failure to file an opposition to the motion with the court; as part of this notice, defendants

12  requested (in the event that the undersigned compels discovery responses and denies terminating

13  sanctions) an extension of the deadline for filing pre-trial motions.  (ECF No. 45.)

14      On February 23, 2015, plaintiff filed a motion to stay the case, and renewed his motion for

15  appointment of counsel.  (ECF No. 46.)  On August 14, 2015, the court denied the motion for stay

16  as moot.  (ECF No. 50.)  The court now turns to plaintiff's motion for appointment of counsel,

17  and to defendants' motion to compel.

18  II.  Analysis

19      A.  Plaintiff's motion for appointment of counsel

20      On May 23, 2014, plaintiff moved for appointment of counsel on the grounds, first, that

21  the action presents complex legal issues beyond his capabilities to address, and second, that he "is

22  in a (E.O.P.) [1] program, and suffer from many of mental disorder's, as while as take many

23  psychotropic medication's." (sic) (ECF No. 40 at 2.)

24  _____

25  [1]  The "Enhanced Outpatient Program (EOP) provides care to mentally disordered inmate-patients
who would benefit from the structure of a therapeutic environment that is less restrictive than
inpatient settings.  This may include response to crisis symptoms which require extensive
treatment, but can be managed as outpatient therapy with several psychotherapy sessions or
medication adjustment with follow-up visits."  Mental Health Program Guide 8, California
Department of California Department of Corrections and Rehabilitation,
http://www.cdcr.ca.gov/dchcs/docs/mental%20health%20program%20guide.pdf.

26

27

28

On July 14, 2014, the court issued an order which provided in pertinent part:

> [P]laintiff's asserted psychological diagnoses and treatment may demonstrate exceptional circumstances justifying the appointment of counsel in this case, provided plaintiff can support his assertions with appropriate documentation and demonstrate how his specific limitations impact his ability to proceed pro se in this action. Accordingly, plaintiff may file another motion for appointment of counsel that includes this information.

(ECF No. 41.)  Plaintiff's motion was denied without prejudice at that time.  (Id.)

As the court previously advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

On February 23, 2015, plaintiff filed a motion to stay the proceedings, coupled with a renewed motion for appointment of counsel.  (ECF No. 46.)  Plaintiff's moving papers provide that he was admitted to the Mule Creek State Prison mental health crisis ward on January 22, 2015, and that he anticipates his imminent transfer to a facility operated by the California Department of State Hospitals.  Plaintiff also wrote:

> Also because of my severe mental illness, and subsequent admission into The Department (of Mental Health) State Hospital I respectfully request that I be reconsidered for the appointment of an attorney.  I have been receiving a lot of paperwork of the Attorney Generals Office of Motions being filed.  This Plaintiff does not understand what I am suppose to do. I think I am missing something they want, or need.  Until now, I did not know that I was

> (am) suppose to file an oppositional motion to every motion filed by the defendants. [. . .]  I am not disregarding the rules of this court, or F.R.C.P. on purpose, but from my lack of knowledge of the rules.  Please accept my apology, and consider my request for help from a attorney.  Also please send me a notice of what I need to do, how, and when?

(sic) (Id. at 2.)

The court has also reviewed the transcript of an aborted deposition of plaintiff, attached as an exhibit to defendants' motion to compel.  (ECF No. 42-3 at 8-20.)  In response to defendants' counsel's repeated attempts to explain what is happening at the deposition, plaintiff makes statements such as:

- "Because I don't want to say something that's gonna – like I'm not going to remember.  I forget a lot.  That's why I bring a pencil and paper, because I forget.  I don't remember a lot of stuff, but I have a bunch of papers from all my files, from the prison.  So I mean, I don't want to, like – I don't know what I'm doing here."  (Id. at 14.)

- "There's no way I can put this off until I can speak to somebody?  I don't know what's going on.  I mean, it kind of hard for me to say, okay, I'm going to do something, and I'm not really like . . ."  (sic) (Id. at 15.)

- "Is my staff assistant here? [. . .]  Tyler.  Our EOP – we have our own.  [. . .]  I usually get a staff assistant to go over everything with me, and talk to me, make sure I understand what's going on, because I don't want to sign something like I did before, or admit to something – be sure, because this is important.  I don't want to rush it just because I want to answer questions.  I want to give truthful answers, but I want to make sure I do the right thing, too."  (Id. at 16.)

- "Half the stuff you're saying to me I'm not going to remember anyway.  So I just can't do it."  (Id. at 19.)

Shortly after making this latter statement, plaintiff declined to continue with his deposition.

/////

5

1  Defendants oppose appointment of counsel on the grounds that plaintiff "has not shown

2  that he is unable to adequately represent himself in this lawsuit without a lawyer," that the

3  complaint presents "allegations [that] do not invoke complex medical issues," and because

4  plaintiff failed to comply with the court's previous order directing him to provide documentation

5  of his mental health diagnoses and to explain how his condition limits his ability to proceed pro se

6  in this action.  (ECF No. 47 at 1-2.)

7  It would appear likely that defendants likely lack standing to oppose plaintiff's request for

8  appointment of counsel, particularly under the circumstances of this case.  Even assuming that

9  they do have standing to object, the undersigned finds defense counsel's arguments largely

10  unpersuasive.  While plaintiff was partially successful in opposing defendants' motion to dismiss,

11  his filings to date evince a very limited ability to articulate his claims and arguments.  If the court

12  credits defendants' assertion that the underlying medical issues presented in this action are not

13  complex, then plaintiff's difficulties in articulating his medical history make his limitations even

14  more apparent.  The transcript of the aborted deposition raises similar concerns about plaintiff's

15  capacity to recall and articulate salient events underlying his claims.

16  As for plaintiff's failure to file documentation of his mental health condition and to

17  explain the accompanying impairments that he suffers, the undersigned notes that, according to

18  plaintiff, he was placed in the Mule Creek State Prison mental health crisis ward on January 22,

19  2015.  (ECF No. 46 at 1.)  On March 23, 2015, plaintiff filed a notice a change of address with

20  the court indicating that he had been transferred to California Medical Facility in Vacaville,

21  California. (ECF No. 48.)  On August 6, 2015, plaintiff filed a notice of change of address with

22  the court indicating that he had been transferred to High Desert State Prison in Susanville,

23  California. (ECF No. 49.)  From the dates and content of these filings, the undersigned infers that

24  plaintiff's mental illness was serious enough to justify between four and six months of ongoing

25  inpatient mental health treatment.  It is the undersigned's view that such a significant course of

26  mental health treatment, particularly so recently in the past, constitutes exceptional circumstances

27  justifying appointment of counsel in this matter.  The court will therefore order appointment of

28  counsel on plaintiff's behalf pursuant to 28 U.S.C. § 1915(e)(1).

1    The court now turns to defendants' discovery-related motions.

2    B.   Defendants' motion to compel

3    On November 10, 2014, defendants filed a motion to compel plaintiff's deposition and

4    responses to interrogatories.  (ECF No. 42.)  Plaintiff has not filed an opposition to the motion.

5         1.   Deposition

6    Defendants represent that they were unable to take plaintiff's deposition, writing:

7    
8    
9    
10   
11   
12   
13  
> Defendants also noticed Plaintiff's deposition for May 15, 2014, and on that date attempted to take his deposition at Mule Creek State Prison. No objection to the deposition was received beforehand. The deposition lasted approximately 20 minutes, during which time counsel for Defendants attempted to initiate the proceeding and Plaintiff repeatedly refused to proceed, citing the fact that he had no representation (through an attorney or counselor). Defense counsel explained that Plaintiff had no right to counsel unless the Court appoints one, and that Plaintiff's refusal to proceed would result in Defendants bringing a motion to compel and for sanctions to reimburse the costs of deposition. Plaintiff continued to refuse to proceed and the deposition was terminated.

14   (ECF No. 42-1 at 2-3) (internal citations omitted).

15   Any party may move for an order compelling the other party's participation in a

16   deposition. Fed. R. Civ. P. 37(a). The undersigned possesses the authority to compel such

17   participation. See 28 U.S.C. § 636(b)(1)(A); Local Rule 302(c)(1). As plaintiff refused to

18   participate in the taking of his deposition, and failed to provide the court with any justification for

19   his refusal, the court will grant defendants' motion and order plaintiff to submit to deposition.

20   However, as set forth in greater detail below, defendants will be permitted to schedule plaintiff's

21   deposition only after counsel has been appointed for plaintiff and has had an adequate period of

22   time to become acquainted with the facts of the case.

23        2.   Interrogatories

24   Defendants also state that they have not received responses to interrogatories previously

25   served on plaintiff, writing:

26   
27   
28  
> On April 10, 2014, Defendants Nangalama and Deem each served a set of Special Interrogatories on Plaintiff. To date, Plaintiff has served no responses to these Interrogatories and no extension to respond was requested or given.

7

1   (ECF No. 42-1 at 2.)

2        Defendants have failed to reproduce or include a copy of the special interrogatories which

3   they served on plaintiff.  Defendants' counsel has included a supporting declaration, which also

4   does not reproduce, or include as an attachment, the interrogatories in question.  The court cannot

5   rely solely on defendants' representations regarding the nature of the interrogatories.  Federal

6   Rule of Civil Procedure 26 provides that "[f]or good cause, the court may order discovery of any

7   matter relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b)(1).  Without

8   being able to examine the discovery requests at issue, the court cannot make a determination as to

9   whether this relevancy standard has been satisfied.  Accordingly, the court will also deny

10  defendants' motion to compel plaintiff's responses to the interrogatories served upon him.[2]

11       C.  Defendants' motion for discovery sanctions

12       As an alternative to an order compelling plaintiff's participation in his deposition,

13  defendants move for terminating sanctions.  Because defendants' motion to compel deposition

14  has been granted, the motion for terminating sanctions will be denied.  Moreover, the court notes

15  that the Ninth Circuit has strictly construed the language of Federal Rule of Civil Procedure 37 to

16  hold that, so long as a prisoner attends a deposition (as plaintiff did here), his refusal to give

17  deposition testimony does not constitute a "failure to appear" under Rule 37(d)(1)(A)(i) meriting

18  dismissal as a sanction.  Rather, in such situations, "the proper remedy is a court order to testify

19  under Rule 37(a)."  Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir. 1995).

20       Defendants also seek the imposition of sanctions against plaintiff in the amount of

21  "$1,052.85 associated with the fees and costs of attempting to take Plaintiff's deposition and for

22  the filing of this Motion for sanctions."  (ECF No. 42-1 at 5.)  Given that plaintiff is proceeding in

23  forma pauperis, the court declines to impose the requested monetary sanctions.  See, e.g., Sanchez

24  v. Rodriguez, 298 F.R.D. 460, 466 (C.D. Cal. 2014) ("The Magistrate is also right to conclude

25  that because plaintiff is proceeding in forma pauperis due to documented indigency, plaintiff

26
27  [2]  That order is without prejudice to the renewal of a properly supported motion to compel after plaintiff's appointed counsel has had sufficient time to become acquainted with the facts of the case and the lawyers have met and conferred in an attempt to resolve any remaining dispute over
28  answers to interrogatories.

8

1   would be unable to pay a monetary sanction and the imposition of such a sanction would be futile

2   as a means of inducing him to comply with this Court's discovery orders."); Morrow v.

3   Sacramento D.E.A., No. 2:13–cv–2188 GEB KJN, 2014 WL 907349 at *3 (E.D. Cal. Mar. 7,

4   2014) ("[I]n light of plaintiff's in forma pauperis status, the court has little confidence that

5   plaintiff would pay monetary sanctions if they were imposed . . . ."); Jackson v. Cates, No. CIV

6   S–10–2070 GEB EFB, 2011 WL 5436316 at *2 (E.D. Cal. Nov. 7, 2011) ("Due to plaintiff's in

7   forma pauperis status, the court declines to issue an award of monetary sanctions at this time.");

8   Redmond v. San Francisco Police Dep't, No. C 07–04276 CW (PR), 2010 WL 2573978 at *4

9   (N.D. Cal. Jun. 25, 2010) ("Monetary sanctions are inappropriate due to Plaintiff's *in forma*

10  *pauperis* status.").

11  III.  Conclusion

12          For all of the reasons set forth above, IT IS HEREBY ORDERED that:

13      1.  Plaintiff's motion for the appointment of counsel (ECF No. 46) is granted.

14      2.  Alternative Dispute Resolution and Pro Bono Program Director Sujean Park is directed to

15          locate an attorney, admitted to practice in this court, who is willing to accept this

16          appointment and represent plaintiff for the purposes of trial.

17      3.  Defendants' Motion for Terminating Sanctions and Alternate Motion to Compel and

18          for Monetary Sanctions (ECF No. 42) is granted in part and denied in part, as follows:

19          a.  Defendants' motion for an order compelling plaintiff to participate in a

20              deposition is granted;

21          b.  Defendants' motion to compel interrogatory responses is denied;

22          c.  Defendants' motion for terminating sanctions is denied; and

23          d.  Defendants' motion for monetary sanctions is denied.

24      4.  At such time as counsel is appointed for plaintiff, counsel for both parties are directed

25          to meet and confer in order to agree upon a date and time for defendants to take

26          plaintiff's deposition that provides plaintiff's counsel with sufficient time to review

27          this case and prepare his client for deposition.  Counsel shall also attempt to resolve

28          any then remaining dispute as to interrogatories posed by defendants to plaintiff.  The

1    parties may apply to the court for an order and writ of habeas corpus ad testificandum

2    if one is required to produce plaintiff outside the facility where he is currently

3    incarcerated.

4        5.   Because counsel is being appointed to represent plaintiff, counsel for both parties are

5    directed to meet and confer in order to agree upon proposed modifications to the

6    discovery and motion deadlines set forth in the February 20, 2014 Discovery and

7    Scheduling Order, as modified by subsequent order.  The parties are directed to then

8    submit a stipulation and proposed order to the court regarding new, mutually-

9    agreeable deadlines.

10   Dated:  September 14, 2015

11

12   _____

13   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

14

15   DAD:10
     bump1102.mtc

16

17

18

19

20

21

22

23

24

25

26

27

28

10