UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BUMPUS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. NANGALAMA, et al.,<br><br>    Defendants. | No. 2:12-cv-1102 GEB DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's original complaint on an Eighth Amendment medical indifference claim against defendants Dr. Nangalama, Dr. Dhillon, Dr. Sahota, LVN Cox, LVN Teachow, and A. Deem. Pending before the court is the parties' joint stipulation to modify the pretrial scheduling order. (ECF No. 58.) For the reasons set forth below, this request will be denied.

**A.    Procedural History**

Before turning to the parties' request, the court finds it necessary to briefly review the procedural history of this case. Plaintiff initiated this action several years ago on April 25, 2012. Following resolution of the defendants' motion to dismiss, a discovery and scheduling order ("DSO") issued on February 20, 2014, setting the discovery deadline for June 13, 2014, and the dispositive motion deadline for September 5, 2014. (ECF No. 35.) The DSO was then extended by six months on May 2, 2014, on request of the defendants. (ECF No. 39.) The discovery

1

deadline was continued to December 15, 2014, and the dispositive motion deadline was continued to March 5, 2015.

During this open discovery period, plaintiff filed multiple requests for appointment of counsel. His final request was granted on September 15, 2015, and counsel was ultimately appointed on April 4, 2017. In light of this recent appointment, the DSO was modified once again on April 13, 2017. (ECF No. 56.) The current discovery deadline is October 4, 2017, and the dispositive motion deadline is December 8, 2017.

**B.     Legal Standards**

Once a scheduling order has been filed pursuant to Federal Rule of Civil Procedure 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to demonstrate diligence, "the inquiry should end." Id. For example, good cause may be found where the moving party shows it assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

**C.     Discussion**

It is evident from the foregoing that the discovery period in this case has been lengthy: an initial 10-month period when plaintiff was proceeding in pro per followed by a 6-month period after the appointment of counsel. Despite the fact that this latter 6-month discovery period was ordered precisely because of plaintiff's counsel's appointment, the parties again cite to counsel's "recent" appearance as one of the primary reasons for yet another 6-month modification of the DSO. They also cite to the "recent appearance[]" of defense counsel, who substituted in as counsel of record on July 25, 2017, "scheduling issues, the challenges accompanying Plaintiff's incarceration, and the substantial number of defendants…." J. Stip. ¶ 3.

2

On review, the court does not find good cause to modify the DSO by another 6-month period. Not only do the parties fail to specify any "scheduling issues" that would warrant an extension, they also fail to identify any challenges they have faced conducting discovery as a result of plaintiff's incarceration. In fact, there is no discussion at all regarding discovery efforts thus far. Additionally, the undersigned finds that the appearance of six defendants does not qualify as a "substantial" number so as to justify a third modification of the DSO. The parties' joint stipulation to modify the DSO will therefore be denied for lack of good cause.

**D.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that the parties' joint stipulation (ECF No. 58) is DENIED.

Dated: September 14, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/bump1102.41dso.3